ZIBA COOK *versus* JOHN LELAND, Administrator

A tax cannot be legally assessed upon a person after his decease; but the assessment should be upon his estate in the hands of his heir, administrator, or whoever else may be in possession of the same.

THIS was an action brought to recover taxes assessed upon Adam Johnson and his estate.

On a case stated it appeared, that Johnson lived in the town of Pelham for many years previous to his death; that he died in August 1823, leaving all his estate in Pelham, which consisted of promissory notes and moneys due to him from various persons, in the possession of one Gray, where it remained in the same condition as when he was living, until May 4, 1826, when the defendant was appointed his administrator with the will annexed, and took the property away. The taxes which were the subject of this action, were the highway tax for 1822, (which not being paid, was returned to the assessors and duly added to the assessment for 1823,) the town, state and county taxes for 1823, and the taxes for 1825 and 1826. The town tax for 1823 was granted at a town meeting held on the 7th of April in that year, and was assessed in December following. The county tax for 1823 was assessed and committed to a collector on the 3d of July in that year. If the plaintiff was entitled to re-

---

[1] See 1 Stark. Ev. (5th Amer. ed.) 440.

cover any more than the amount of the taxes assessed for the years 1822 and 1823, he was to recover full costs; otherwise he was to recover the costs which accrued before the entry of the action in the court below; and in either case judgment was to be entered for damages and costs according to the opinion of the Court.

The case was briefly argued by *Conkey*, for the plaintiff, and *Boltwood*, for the defendant. The latter cited *Andover &c. Turnp. Corp.* v. *Gould*, 6 Mass. R. 44.

The opinion of the Court was drawn up by

PARKER C. J. We must suppose that the plaintiff in this action was a collector of taxes for the town of Pelham, though it is not one of the facts agreed in the case. Counsel should be more exact in drawing up their statements, as it may often happen to be unnecessary for the Court to recur to the declaration in order to decide the points in issue. Being collector, his only authority to sustain actions for taxes committed to him to collect is derived from the statute of 1789, c. 4, which provides, that " where any person duly rated in any town, &c., hath died, or shall die before the payment of the same rates, and where any person, duly rated &c., hath removed or shall remove, &c., and where any unmarried woman, being duly rated &c., shall intermarry, &c., it shall be lawful for the constables or collectors, &c., to sue for such rates," &c.

The *being duly rated* is the basis of this authority, and it is obvious that one who dies before the assessment does not come within this description. No one can be duly rated without having had opportunity to furnish a list of his taxable property, and it does not appear that any of the taxes, except the highway tax for 1822 and the county tax for 1823, were assessed until several months after the decease of the intestate. The money was raised before his death for the town tax of 1823, but was not assessed during his life. It therefore never became a debt for which his administrator could be sued. And as to the taxes of 1825 and 1826, there can be no pretence for the action, within the statute before cited. The heirs, devisees, administrator, or whoever else was in possession of the property, were liable and should have been

*Cook v. Leland.*

*Sept. 24th.*

*Oct. term, in Norfolk.*

Cook
v.
Leland.

assessed ; and the collector would then have had the power to collect the tax under his general power of distraining, &c.

The highway tax of 1822 having been assessed in the lifetime of the intestate and returned as not worked out according to the statute, became a debt for which the administrator is liable ; as did also the county tax of 1823, that having been duly assessed before the death of the intestate. For these sums judgment must be rendered for the plaintiff, with costs according to the agreement.[1]